UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

JOHN TURNER,

            Plaintiff,

vs.

HIGH DESERT STATE PRISON, *et al.*,

            Defendants.

2:13-cv-01740-JAD-VCF

**ORDER**

Motion for Appointment of Counsel (#38)

Before the court is Plaintiff's Motion for Appointment of Counsel (#38)[1] to represent him in his civil rights action under 42 U.S.C. § 1983. For the reasons discussed below, Plaintiff's Motion for Appointment of Counsel is denied.

**I.**    **Background**

This matter involves Plaintiff's federal civil rights action under 42 U.S.C. § 1983. (*See* #1-1). Plaintiff's complaint alleges that prison officials removed a total of $75 from his inmate trust account after two separate altercations in which Plaintiff participated. (#1-1 at 3). Plaintiff claims that he sought no medical attention following the altercations and that he did not authorize the removal of the funds from his account. (#1-1 at 4). The case failed to resolve at inmate early mediation and Plaintiff now requests counsel to represent him with this matter. (#38 at 4).

**II.**    **Legal Standard**

"The Sixth Amendment grants an indigent criminal defendant the right to counsel . . . but does not govern civil cases." *Turner v. Rogers*, 131 S. Ct. 2507, 2510 (2011). In the civil sphere, "[t]he court may appoint counsel . . . only under 'exceptional circumstances.'" *Terrell v. Brewer*, 935 F.2d 1015,

---

[1] Parenthetical citations refer to the court's docket.

1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (citing *Wilburn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). The burden rests upon the Plaintiff to demonstrate that this standard has been met. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *op. reinstated in pertinent part*, 154 F.3d 952, 954 n. 1 (9th Cir. 1998) (en banc).

### III.  Analysis

In support of his motion, Plaintiff states that appointment of counsel would be appropriate because he is physically impaired due to the amputation of his thumb, he does not have full access to the prison's law library, the law library and prison mailing systems are inadequate, and Plaintiff has not previously seen a motion to dismiss. (#38 at 4, 6-7). Plaintiff's motion fails to satisfy the above legal standard for court appointed counsel for four reasons. First, Plaintiff fails to argue that he will succeed on the merits of his case. (*See* #38). Second, Plaintiff's allegations of theft of $75 from his inmate trust account do not equate to complex legal issues, which require a lawyer trained in "banking and trust accounts" as Plaintiff asserts. (#38 at 5). Second, Plaintiff provides copies of the Notice of Charges with his motion, indicating that he has access to the evidence in this case. (#38 at 10-13). Finally, although his paperwork is not of the quality that would be produced by a lawyer, Plaintiff has drafted a legible and sufficiently articulate motion. (*See* #38). These documents demonstrate that Plaintiff is capable of adequately articulating his claims. As such, Plaintiff has failed to demonstrate that his case meets the Ninth Circuit's exceptional circumstances requirement for appointment of counsel in a civil matter.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's Motion to Appoint Counsel (#38) is DENIED.

IT IS SO ORDERED.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2.

DATED this 27th day of June, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE