UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN TURNER, | ) |
| Plaintiff, | ) Case No. 2:13-cv-01740-JAD-VCF |
| vs. | ) |
| HIGH DESERT STATE PRISON, *et al.*, | ) **Order re Briefing on Countermotion for Summary Judgment and Denying Motion to Supplement Statement of Facts [Doc. 50]** |
| Defendants. | ) |

On June 11, 2014, Defendant Nevada Department of Corrections filed a motion for summary judgment. Doc. 36. Plaintiff John Turner responded on June 20, 2014, Docs. 39, 40, and then filed his own countermotion for summary judgment on July 15, 2014. Doc. 46. Two days later, Turner moved for leave to supplement his countermotion with a statement of material facts. Doc. 50. He ultimately filed that supplemental statement of facts on July 24, 2014, and he has also submitted four proffers of "supplemental authority," apparently related to the pending summary judgment proceedings. *See* Docs. 55, 58, 59, 63.

Turner's sporadic filing of supplemental documents has made it difficult for the court to determine what arguments he is raising on summary judgment, and the court will not consider these issues in this piecemeal fashion. "Supplemental authority" submissions as plaintiff is repeatedly filing in this case, are not authorized by the rules of this court. Local Rule 7-2 limits the types and number of summary-judgment-related briefs that a party may file: the rule authorizes a motion, allows the opposing party to file a single response, and then permits the moving party to file a single

1  reply. L.R. 7-2(e). Plaintiff is not relieved of his obligation to comply with the rules and procedures
2  of this Court simply because he is representing himself in this litigation. *King v. Atiyeh*, 814 F.2d
3  565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other
4  litigants."); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe
5  pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."); *Jacobsen v.*
6  *Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]ro se litigants in the ordinary civil case should not
7  be treated more favorably than parties with attorneys of record.").

8  In order to permit the court to fairly decide the cross-motions for summary judgment on their
9  merits without having to sift through numerous of the plaintiff's filings in the record and guessing
10  whether they relate to the summary judgment issues, the court makes the following order:

11  **IT IS HEREBY ORDERED** that the following documents will be disregarded: Plaintiff's
12  Countermotion for Summary Judgment (#46); Plaintiff's supplemental authority filings (## 55, 58,
13  59, 63); Plaintiff's supplemental statement of facts (#56); Defendant's response to the countermotion
14  for summary judgment (#60); and Plaintiff's Reply (#65); **the Clerk of Court is directed to strike**
15  **documents ## 46, 55, 56, 58, 59, 60, 63, and 65 from the docket**;

16  **IT IS FURTHER ORDERED** that Plaintiff shall revise his countermotion to include all
17  facts, issues, and arguments that he wishes to raise in his countermotion for summary judgment in a
18  single document that complies with all rules of this court. Plaintiff has until September 12, 2014, to
19  file that revised, complete countermotion for summary judgment in a single, document. Defendant
20  shall then have until October 6, 2014, to file its response to the countermotion and serve it on the
21  plaintiff. Plaintiff shall then have until October 24, 2014, to file his single reply. Plaintiff is
22  cautioned that his filings must comply with all rules of this court, and no supplemental briefs, letters,
23  or other filings with respect to summary judgment issues will be permitted; any such supplements
24  will be stricken and disregarded without further prior notice.

25
26

1 | In light of this order, Plaintiff's Motion to File the Supplemental Fact Statement **[#50] is**
2 | **DENIED** as moot.
3 | Dated: August 15, 2014.

_____
JENNIFER DORSEY
UNITED STATES DISTRICT JUDGE