**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| JOHN TURNER,<br><br>                Plaintiff,<br><br>vs.<br><br>HIGH DESERT STATE PRISON, *et al.*,<br><br>                Defendants. | Case No. 2:13–cv–1740–JAD–VCF<br><br>**<u>ORDER</u>** |

       This matter involves incarcerated *pro se* Plaintiff John Turner's civil rights action against High Desert State Prison, *et al*. Before the court is Turner's motion for issuance of summons for High Desert State Prison and the Nevada Inmate Bank System. (#70). Defendants filed a response. (#72). For the reasons stated below, Turner's motion is denied.

       In September 23, 2013, Turner commenced this action under section 1983 against the Nevada Department of Corrections, High Desert State Prison, and the Nevada Inmate Bank System, among others. The Nevada Department of Corrections appeared and is defending against Turner's action. To date, neither High Desert State Prison nor the Nevada Inmate Bank System have been served because both are institutions within the Nevada Department of Corrections. (*See* Doc. #35, #72); *see also Davis v. High Desert State Prison*, No. No. 2:07–cv–1174 JCM (LRL), 2009 WL 210655, at \*1 (D. Nev. Jan. 27, 2009).

      Now, Turner moves to serve High Desert State Prison and the Nevada Inmate Bank System. Turner's motion is denied. Neither High Desert State Prison nor the Nevada Inmate Bank System are proper defendants. *See id*. Both are institutions within the Department of Corrections, which is a department of the State of Nevada. A state agency is not a "person" subject to suit under section 1983. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68–69 (1997); *Will v. Mich. Dep't of State*

*Police*, 491 U.S. 58, 65–66, 71 (1989); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc). Further, the Eleventh Amendment bars section 1983 actions against states and their agencies. *Hyland v. Wonder*, 117 F.3d 405, 413 (9th Cir. 1997), *amended by* 127 F.3d 1135 (9th Cir. 1997); *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

Here, both Defendants that Turner moves to serve are state-controlled and funded; therefore, they are considered part of the State shielded by Eleventh Amendment immunity. *See Buchwald v. Univ. of N.M. Sch. of Med.*, 159 F.3d 487, 494 n. 3 (10th Cir. 1998) (discussing factors for determining whether an entity is an arm of the state for Eleventh Amendment purposes). The State has not waived its immunity from suit conferred by the Eleventh Amendment. *See* NEV. REV. STAT. § 41.031(3).

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff John Turner's Motion for Issuance of Summons for High Desert State Prison and the Nevada Inmate Bank System (#70) is DENIED.

IT IS SO ORDERED.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2.

DATED this 23rd day of September, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE