**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| JOHN TURNER,<br><br>                    Plaintiff,<br><br>vs.<br><br>HIGH DESERT STATE PRISON, *et al.*,<br><br>                    Defendants. | 2:13-cv-01740-JAD-VCF<br>**<u>ORDER</u>** |

This matter involves incarcerated *pro se* Plaintiff John Turner's civil rights action against High Desert State Prison, *et al.* Before the court are the following motions:

1. Motion for an order requesting return of plaintiff's exhibits submitted with documents 46, 50, 55, 58, 59, 60, 63, 65. (#76),
2. Motion for order allowing doc's due to Nevada DOC HDSP Law Library Personnel Act of Incompetence (#79),
3. Motion to receive updated docket sheet on a monthly basis (#88),
4. Motion to depose HDSP law librarian Janice Salazar (#89),
5. Motion for an order striking # 86 response to motion (#90),
6. Amended motion re #91 motion for recognition of defendant's tiresome, lame oppositions (#95),
7. Motion for Plaintiff to Reclaim Receipts (#99),
8. Motion to Amend/Correct (#100),
9. Motion to Strike #96 Response to Motion (#103).

**I.      Background:**

In September 23, 2013, Turner commenced this action under section 1983 against the Nevada Department of Corrections, High Desert State Prison, and the Nevada Inmate Bank System, among others. The Nevada Department of Corrections appeared and is defending against Turner's action.

**II.     Motion for an order requesting return of plaintiff's exhibits (#76).**

In the Motion for an order requesting of Plaintiff's exhibits (#76), Plaintiff asks the court to send him file-stamped copies of his filed documents and to return the exhibits that were attached to his documents back to him. Defendants oppose Plaintiff's request.  They argue that he has cited no authority for the novel proposition that the court should return his exhibits to him after filing.

**Amended motion re #91 motion for recognition of defendant's tiresome, lame oppositions (#91 and 95).**

Motions #s 91 and 95 are essentially identical motions.  Plaintiff again seeks free file stamped copies of motions and other documents that he has filed.

The right to meaningful access to the courts does not confer a right to free unlimited photocopies. See *Sands v. Lewis*, 886 F.2d 1166 (9th Cir. 1989) (citing *Jones v. Franzen*, 697 F.2d 801, 803 ("[B]road as the constitutional concert of liberty is, it does not include the right to xerox." (7th Cir. 1983)); see also *Wanninger v. Davenport*, 697 F.2d 992, 994 (11th Cir. 1983); *Johnson v. Parke*, 642 F.2d 377, 380 (10th Cir. 1981); *Harrell v. Keohane*, 621 F.2d 1059, 1060-61 (10th Cir. 1980).  Here, the court clerk is not required to make a free copy of plaintiff's file-stamped document and mail it to him.  According to the court's schedule of fees – effective January 1, 2015, Plaintiff may requests copies of his document at a copying rate of $ 0.10 per page if produced from an electronic format.

Pursuant to Local Rule 10-4, [c]ounsel or persons appearing in *pro se* who wish to receive a file-stamped copy of any pleading or other paper must submit one (1) additional copy.  Here, plaintiff did not provide the court clerk an extra copy to be mailed back to him.  If plaintiff would like a file-stamped copy to be mailed back to him, he must include an extra copy of that document.  It is plaintiff's

responsibility to maintain his own records. Any exhibits filed with the court becomes part of the court's record. The original exhibits filed with the court will not be returned to Plaintiff. Plaintiff's motion to return his exhibits (#76) is denied.

**Motion for Plaintiff to Reclaim Receipts (#99)**

Plaintiff seeks the court to return a pink receipt which he attached as an exhibit to one of his motions. (#99).

Any exhibits filed with the court becomes part of the court's record. Plaintiff's Motion to reclaim receipts is denied.

**III.     Motion to receive updated docket sheet on a monthly basis (#88)**

Plaintiff requests a monthly updated docket sheet from the clerk's office.

The court directs the court clerk to mail Plaintiff a copy of the current docket sheet in this case; however, it is not the court clerk's responsibility to keep plaintiff current on his case. It is Plaintiff's responsibility to maintain his own file and copies. Plaintiff's motion to receive updated docket sheet on a monthly basis (#88) is denied.

**IV.     Motion for order allowing doc's due to Nevada DOC HDSP Law Library Personnel Act of Incompetence   (#79), Motion to depose HDSP law librarian Janice Salazar (#89), Motion for an order striking #86 response to motion (#90), and Motion to Strike #96 Response to Motion (#103)**

Plaintiff asks the court to intervene regarding HDSP Law Librarian Michael Don Anderson ("Librarian Anderson") conduct in allegedly obstructing Plaintiff's litigation by not allowing him appropriate access to the law library. (#79). In Plaintiff's Motion to depose HDSP law librarian Janice Salazar, he requests the court to issue an order allowing him to depose librarian Janice Salazar regarding statements made by librarian Michael Anderson. (#89).

1   In Plaintiff's motion to strike defendants' opposition (#90), Plaintiff asks the court to strike
2 Defendant's opposition (Dkt. # 86). Plaintiff contends that the Declaration of Michael Anderson was
3 "false," therefore, the opposition should be stricken. *Id.*

4   On December 2, 2014, Plaintiff seeks to strike defendants' opposition to plaintiff's motion for order
5 to depose HDSP law librarian Janice Salazar #96.  (#103).

6   Librarian Anderson and librarian Salazar are not named defendants in this suit and any claims against
7 these librarians are not part of this case[1]; thus, plaintiff's motions (#s 79, 89, 90, and 103) are denied.

### V.     Motion to Amend/Correct (#100)

Plaintiff seeks leave to amend his complaint to add four additional defendants.  (#100).

Pursuant to Local Rule 15-1(a), [u]nless otherwise permitted by the Court, the moving party shall attached the proposed amended pleading to any motion to amend, so that it will be complete in itself without reference to the superseding pleading.  An amended pleading shall include copies of all exhibits referred to in such pleading.  Here, plaintiff has failed to attach his amended complaint.  Plaintiff's Motion to amend/correct (#100) is denied.

Accordingly,

IT IS HEREBY ORDERED that the following motions are DENIED for reasons as stated above.

   1. Motion for an order requesting return of plaintiff's exhibits submitted with documents 46, 50, 55, 58, 59, 60, 63, 65.  (#76),
   2. Motion for order allowing doc's due to Nevada DOC HDSP Law Library Personnel Act of Incompetence  (#79),
   3. Motion to receive updated docket sheet on a monthly basis (#88),
   4. Motion to depose HDSP law librarian Janice Salazar (#89),
   5. Motion for an order striking # 86 response to motion (#90),

---

[1] Plaintiff has not demonstrated that these individuals have knowledge of facts discoverable in this case.

      6.   Amended motion re #91 motion for recognition of defendant's tiresome, lame oppositions (#95),

      7.   Motion for Plaintiff to Reclaim Receipts (#99),

      8.   Motion to Amend/Correct (#100),

      9.   Motion to Strike #96 Response to Motion (#103).

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** *See* LSR 2-2.

IT IS SO ORDERED.

DATED this 28th day of January, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE