UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| John Turner<br><br>    Plaintiff,<br><br>vs.<br><br>High Desert State Prison, et al.,<br><br>    Defendants. | Case No.: 2:13-cv-1740-JAD-VCF<br><br>**Order**<br><br>[77, 84, 102] |

    Pro se prisoner plaintiff John Turner alleges violations of his civil rights. After Defendant Nevada Department of Corrections (NDOC) moved for summary judgment, I issued a notice under *Klingele v. Eikenberry*[1], and *Rand v. Rowland*,[2] informing Turner of the potential consequences of NDOC's motion. Docs. 36, 37. Turner then filed a countermotion for summary judgment, which prompted another *Klingele* notice (Docs. 74, 75), a "Motion to Dismiss" NDOC's summary-judgment motion (Doc. 77), and a supplemental statement of facts in support of his summary-judgment countermotion. Doc. 94. Turner asks me to clarify who my second *Klingele* notice is directed to (Doc. 77), and NDOC moves to strike Turner's supplemental fact statement. Doc. 102. I now grant the motion for clarification and NDOC's motion to strike, and I deny Turner's motion to "dismiss" NDOC's summary judgment motion.

1.    **Turner's Motion for Clarification (#84)**

    Turner's filing of a countermotion for summary judgment (Doc. 74) automatically prompted a second *Klingele* notice. Doc. 75. These notices are automatically issued whenever a dispositive motion is filed in a case involving a pro se prisoner plaintiff. Because I understand Mr. Turner may have been confused by the issuance of this notice in response to his countermotion, I grant the motion for clarification (Doc. 84) and clarify that the order does not require any additional response

---

[1] 849 F.2d 409 (9th Cir. 1988).

[2] 154 F.3d 952 (9th Cir. 1998).

or filing from Turner regarding the pending motion and countermotion for summary judgment. Those motions are now fully briefed.

**2.     Turner's "Motion to Dismiss" NDOC's Motion for Summary Judgment (#77)**

Turner filed a response to NDOC's motion for summary judgment (Docs. 39, 40), and NDOC filed its reply. Doc. 42. Turner then filed his own countermotion for summary judgment (Doc. 74), followed by a flurry of "supplemental" summary-judgment-related documents that this court struck with the instruction that supplemental filings are not permitted by the rules of this court. Doc. 69. Turner was "cautioned that his filings must comply with all the rules of this court, and no supplemental briefs, letters, or other filings with respect to summary judgment issues will be permitted; any such supplements will be stricken and disregarded without further prior notice." *Id*.

Nevertheless, Turner filed a "Motion to Dismiss" NDOC's summary-judgment motion. Doc. 77. To the extent this "motion" challenges NDOC's summary-judgment motion, it is an improper means for doing so. Plus, Turner has already exhausted his opportunity to respond to that motion (*see* Docs. 39, 40); it is therefore denied as an improper method for challenging that filing. To the extent it merely seeks sanctions against a defendant, it is redundant of the arguments contained in Turner's motions for sanctions filed at documents 78 and 80, and it is denied as duplicative.

**3.     NDOC's Motion to Strike Supplemental Filing (#102)**

Despite my order instructing Turner to file no additional summary-judgment briefing, Turner filed a document entitled "further evidence to support summary judgment in his favor." Doc. 94. NDOC moves to strike this document as a rogue, unauthorized supplement filed without leave of court. Doc. 102. For the reasons expressed in my order at document 69, I grant NDOC's motion (Doc. 102), and order this supplemental filing (Doc. 94) stricken. I also caution Turner that continued failure to comply with the court's orders may lead to the imposition of sanctions. **The pending motions for summary judgment are fully briefed; further briefing on these issues will be stricken.**

### Conclusion

Accordingly, it is hereby ORDERED that Turner's Motion for Clarification **[Doc. 84] is GRANTED.** The court clarifies that no further briefing is needed in response to either pending

motion for summary judgment;

IT IS FURTHER ORDERED that Turner's Motion to Dismiss the Motion for Summary Judgment **[Doc. 77] is DENIED**; and

IT IS FURTHER ORDERED that NDOC's Motion to Strike Plaintiff's supplemental evidence **[Doc. 102] is GRANTED**; the Clerk of Court is directed to **strike Document 94** from the record.

February 13, 2015

_____
JENNIFER DORSEY
United States District Judge