**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| JOHN TURNER, | |
| Plaintiff, | 2:13-cv-01740-JAD-VCF |
| vs. | **ORDER** |
| HIGH DESERT STATE PRISON, *et al.,* | |
| Defendants. | |

This matter involves incarcerated *pro se* Plaintiff John Turner's civil rights action against High Desert State Prison, *et al.* Before the court are the following motions:

1. Motion for Order to Sanction Defendant(s) (#78),

2. Motion for an Order on Sanctions (#80),

3. Motion for an Order to Extend Legal Copy work Limit (#115).

**I.      Background:**

In September 23, 2013, Turner has commenced this action under section 1983 against the Nevada Department of Corrections, High Desert State Prison, and the Nevada Inmate Bank System, among others. The Nevada Department of Corrections has appeared and is defending against Turner's action.

**II. Motion for Order to Sanction Defendant(s) (#78) and Motion for an Order on Sanctions (#80)**

Plaintiff asks the Court to sanction Defendants for the conduct of HDSP Law Librarian Michael Don Anderson ("Librarian Anderson") and Janice Salazar ("Librarian Salazar") in allegedly obstructing Plaintiff's litigation and impeding his right to litigate. On January 28, 2015, the court has ruled that Librarian Anderson and Librarian Salazar are not named defendants in this suit and any claims against these librarians are not part of this case. (#112). Plaintiff has not demonstrated that these individuals have

knowledge of facts discoverable in this matter; thus, Plaintiff's Motion for Order to Sanction Defendant(s) (#78) and Motion for an Order on Sanctions (#80) are denied.

Plaintiff asserts that he has reached his prison copywork limit. (#115). Inmates have a "constitutional right to either assistance of a lawyer, or access to a law library." *Keenan v. Hall*, 83 F.3d 1083, 1093 (9th Cir. 1996). The law libraries in prison facilities are not ends themselves, "but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey*, 518 U.S. 343, 351 (1996)(internal citations and quotations omitted.). However, this entitlement does not does not provide inmates with an endless supply of copies and research materials. *See Jones v. Franzen*, 697 F.2d 801, 803 (7th Cir.1983) ([B]road as the constitutional concept of liberty is, it does not include the right to xerox."). Nevertheless, "it is fundamental that access of prisoners to the courts for the purpose of presenting their complaints may not be denied or obstructed." *Johnson v. Avery*, 393 U.S. 483, 485 (1969).

The court recognizes that plaintiff is not seeking free copies and that he will make payments towards his copywork balance. The court must, however, put some limitation on plaintiff's copywork privileges as to not subject the court and the defendants to endless and costly motion practice by the plaintiff. See Federal Rule of Civil Procedure 1 (the rules must be "construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."). Plaintiff's copywork limit is extended to $50.00. This ruling is not intended to enable plaintiff to file frivolous, duplicative, or large pleadings, and any evidence of such practice could warrant sanctions.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Order to Sanction Defendant(s) (#78) and Motion for an Order on Sanctions (#80) are DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for an Order to Extend Legal Copywork Limit (#115) is GRANTED.  Plaintiff's legal copywork limit is extended to $50.00.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** *See* LSR 2-2.

DATED this 6th day of March, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE