1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

John Turner

    Plaintiff,

vs.

High Desert State Prison, et al.,

    Defendants.

Case No.: 2:13-cv-1740-JAD-VCF

**Order**

**[## 36, 74]**

10

11

12

13

14

15

16

   Pro se plaintiff John Turner claims his civil rights were violated by the Nevada Department of Corrections (NDOC), High Desert State Prison, the Nevada Inmate Bank System, and the State of Nevada when money was removed from his inmate account as restitution for two incidents of fighting.  In the initial screening of plaintiff's complaint under the Prison Litigation Reform Act (PLRA), the court found that Turner stated a single claim for violation of his constitutionally protected property right to the funds in his inmate account, and this action was permitted to proceed as pled against the named defendants.[1]

17

18

19

20

21

22

23

   NDOC now moves for summary judgment, arguing that (1) Turner's claims are barred by the legal doctrine of res judicata because Turner brought—and lost—these very claims in Nevada's small-claims court; and (2) NDOC cannot be a defendant in a § 1983 claim as a matter of law.[2] Turner's small-claims actions were dismissed for failure to exhaust the prison-grievance process, leaving these matters without res judicata effect.  And NDOC's argument that it cannot be the subject of Turner's § 1983 claim is confounded by its pronouncement in the same breath that it is "the only [d]efendant properly named in the suit."  I therefore reject NDOC's res judicata argument,

24

25

26

27

28

_____

[1] Doc. 14.

[2] Doc. 36 at 4–5.  I find these motions appropriate for resolution without oral argument.  LR 78-2. Plaintiff was timely provided with the notice required under *Rand v. Rowland,* 154 F.3d 952 (9th Cir. 1998) (en banc), *Wyatt v. Terhune,* 315 F.3d 1108 (9th Cir. 2003), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).  Doc. 37.  Turner's

1   and I deny its motion as to the proper-defendant argument without prejudice.  Because Turner's

2   failure-to-exhaust argument raises questions about the ripeness of this action, I also order Turner to

3   show cause why this case should not be dismissed for failure to first complete the prison-grievance

4   procedures.  And finally, I deny Turner's countermotion for summary judgment because he has failed

5   to satisfy the burden placed on summary-judgment movants.

6                                                    **Background**

7          Turner alleges that on two occasions the NDOC unlawfully withdrew money from his inmate

8   account: $50 in April 2013, when Turner was ordered to pay restitution for medical care he received

9   after a fight; and another $25 in restitution in June 2013, when Turner was ordered to pay for

10  medical care following a second fight.[3]  Turner contests that he "received no injuries & sought no

11  medical attention" after these fights, so he initiated two actions in small-claims court to recover the

12  money he believes was wrongfully taken from him.[4]  Both actions were dismissed by the small-

13  claims court for failure to exhaust administrative remedies.[5]

14         NDOC argues that Turner's adjudication of these matters in small-claims court renders the

15  instant claim barred by the doctrine of res judicata.[6]  NDOC also argues that there is an additional

16

17

18  _____

19  [3] *See* Docs. 36-1, 36-6

20  [4] Docs. 15 at 3; 36-3 at 2 (Case No. 13A2552 for the $50); 36-4 at 2; 36-7 at 2 (Case No. 13A2601
    for the $25); 36-9 at 3 (affirming on appeal dismissal of 13A2601 matter for failure to exhaust the

21  grievance procedures).  I take judicial notice of these state-court documents for the purpose of
    determining their outcome and status as they are readily verifiable.  *See Reyn's Pasta Bella, LLC v.*

22  *Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (taking judicial notice of pleadings,
    memoranda, and other court filings); *Asdar Group v. Pillsbury, Madison & Sutro*, 99 F.3d 289, 290

23  n. 1 (9th Cir. 1996) (court may take judicial notice of pleadings and court orders in related
    proceedings); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d

24  244, 248 (9th Cir. 1992) (a court may take judicial notice "of proceedings in other courts, both

25  within and without the federal judicial system, if those proceedings have a direct relation to matters

26  at issue").

27  [5] *See* Docs. 36-4, 36-8.

28  [6] *See* Doc. 36 at 4-5.

1  reason Turner's claims are barred: NDOC is not a proper target of Turner's § 1983 claim.[7]  Turner

2  responds by pointing out that the small-claims actions were dismissed for failure to exhaust the

3  grievance procedures, not on their merits; and he generally contests the notion that those

4  dismissals—or the NDOC's arm-of-the-state status—should now bar his § 1983 claim.  In a

5  document he characterizes as a "countermotion," he contends that both small-claims actions are "still

6  open issue[s] being grievance exhaustion."[8]  I address both motions in turn.

7  **Discussion**

8  　　　Summary judgment is appropriate when the pleadings and admissible evidence "show there is

9  no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of

10  law."[9]  When considering summary judgment, the court views all facts and draws all inferences in

11  the light most favorable to the nonmoving party.[10]  If reasonable minds could differ on material facts,

12  summary judgment is inappropriate because summary judgment's purpose is to avoid unnecessary

13  trials when the facts are undisputed, and the case must then proceed to the trier of fact.[11]

14  　　　If the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of

15  material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts

16  showing that there is a genuine issue for trial."[12]  The nonmoving party "must do more than simply

17  show that there is some metaphysical doubt as to the material facts"; he "must produce specific

18  evidence, through affidavits or admissible discovery material, to show that" there is a sufficient

19

20

21

---

22  [7] *See* Doc. 36 at 5-6.

23  [8] Doc. 74 at 3.

24  [9] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

25  [10] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

26

27  [11] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

28  [12] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

1   evidentiary basis on which a reasonable fact finder could find in his favor.[13]  The court only

2   considers properly authenticated, admissible evidence in deciding a motion for summary judgment.[14]

3   And when a countermotion for summary judgment is filed on the same claim before the court, "the

4   court must consider the appropriate evidentiary material identified and submitted in support of both

5   motions, and in opposition to both motions, before ruling on each of them."[15]

6   **A.      NDOC's Motion for Summary Judgment**

7         **1.      *Res Judicata***

8         "Under res judicata, a final judgment on the merits of an action precludes the parties or their

9   privies from relitigating issues that were or could have been raised in that action."[16]  This doctrine

10  extends to actions brought under § 1983.[17]  For the court to find Turner's claims barred by the

11  doctrine, NDOC must demonstrate that his earlier suit (1) involved the same claim or cause of action

12  as his later suit, (2) involved the same parties as his later suit, and (3) reached a final judgment on the

13  merits.[18]

14        NDOC has not demonstrated that Turner's small-claims cases resulted in a final judgment on

15  their merits.  Both cases were dismissed on the basis that Turner had failed to exhaust his

16  administrative remedies.[19]  As the Ninth Circuit explained in *Heath v. Cleary*, dismissal of claims for

17

18

19

20      [13] *Orr v. Bank of Am.* 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); *Bhan v. NME*
21  *Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson,* 477 U.S. at 248–49.

22      [14] Fed. R. Civ. P. 56(c); *Orr*, 285 F.3d at 773–74.

23      [15] *Fair Housing Council of Riverside Cnty, Inc. v. Riverside Two*, 249 F.3d 1132, 1134 (9th Cir.
24  2001).

25      [16] *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

26      [17] *Id.* at 104 (holding that res judicata applies to § 1983 claims).

27      [18] *Sidhu v. Flecto* Co., 279 F.3d 896, 900 (9th Cir. 2002).

28      [19] *See* Docs. 36-4, 36-5, 36-8, 36-9.

1   failure to exhaust administrative remedies is not considered a final judgment "on the merits."[20]

2   Turner's small-claims actions, therefore, have no res judicata effect here, and NDOC's request for

3   summary judgment on this basis is denied.

4        ***2.    Proper Defendant***

5        NDOC next argues that Turner's claims against it are barred because NDOC, as an arm of the

6   state, cannot be legally sued under § 1983.  If NDOC's argument ended there, I might grant the

7   request to dismiss it from this action.  But NDOC goes on to state that it alone is "the only

8   [d]efendant properly named in the suit."[21]  NDOC also summarily states that all defendants should be

9   dismissed on this basis and offers a footnoted explanation why the Attorney General accepted service

10  on behalf of the other defendants.[22]

11       This self-contradictory and mostly footnoted argument is simply too undeveloped[23] (1) to

12  have given Turner a fair opportunity to understand and respond to it or (2) to permit me to fully

13  understand NDOC's position.  I therefore deny NDOC's motion for summary judgment on this

14  argument without prejudice to defendants' ability to file a new (more clearly developed) motion on

15  these points by April 24, 2015.  Any renewed motion on this argument should clearly articulate

16  under what authority I must grant summary judgment on Turner's claim against each defendant, as

17  well as why I should not merely dismiss with leave to amend, particularly in light of the Ninth

18  Circuit's preference for permitting pro se plaintiffs an opportunity to cure defects in the identification

19

20

---

21  [20] *Heath v. Cleary*, 708 F.2d 1376, 1380 n.4 (9th Cir. 1983); *see also  Vincze v. Robinson*, 103 F.
22  App'x 152, 153 (9th Cir. 2004) ("A dismissal without prejudice is not an adjudication on the merits
    and does not have res judicata effect."); *Hoak v. Idaho Dep't of Corr.*, 2011 WL 3665411, at *2 (D.
23  Idaho Aug. 22, 2011) (applying *Heath* and holding that res judicata does not apply because
    "dismissal of a complaint for failure to exhaust administrative remedies is not considered 'on the
24  merits'").

25  [21] Doc. 36 at 6.

26  [22] *Id*. at 5, n.2.

27
    [23] NDOC offers only a string cite of cases—without even a single parenthetical—as its putative
28  support for this argument.  More is required.

1 of proper defendants.[24]

2 **B.      Turner's Countermotion for Summary Judgment**

3      Turner's countermotion[25] must be denied because it is procedurally defective and lacks merit.

4 Under Local Rule 56-1, "motions for summary judgment and responses thereto shall include a

5 concise statement setting forth each material to the disposition of the motion, which the party claims

6 is or is not genuinely in issue, citing the particular portions of any pleading, affidavit, deposition,

7 interrogatory, answer, admission, or other evidence upon which the party relies."  Turner's

8 countermotion lacks any statement of material facts.[26]  Even liberally construed, it appears more of a

9 response to NDOC's motion than a true countermotion because it responds to NDOC's arguments

10 and asks that NDOC's motion be denied.[27]  Because Turner has not satisfied his burden to

11 demonstrate the absence of any genuine issues of material fact and his entitlement to judgment as a

12 matter of law, I deny his countermotion for summary judgment.

13 **C.      Order to Show Cause**

14      Finally, an unresolved question is raised by Turner's argument that his claim is not barred by

15 res judicata because his state-court claims were dismissed for failure to exhaust administrative

16 remedies: **should this case be dismissed on the same grounds?**  The PLRA prohibits a prisoner

17 from filing a § 1983 action "until such administrative remedies as are available are exhausted."[28]

18

19 [24] *See, e.g., Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear
that no amendment can cure the defect, however, a pro se litigant is entitled to notice of the
20 complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

21 [25] Doc. 74.

22
[26] *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Although we construe pleadings liberally in
23 their favor, pro se litigants are bound by the rules of procedure.").

24 [27] *See, e.g.,* Doc. 74 at 3–6. At most it asks for sanctions against NDOC, a request that I deny
because no legal basis for sanctions has been demonstrated.
25

26 [28] *See* 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("hold[ing] that the
PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve
27 general circumstances or particular episodes, and whether they allege excessive force or some other
wrong."); *see also Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014), *cert. denied sub nom. Scott
28 v. Albino*, No. 14-82, 2014 WL 3702544 (U.S. Oct. 20, 2014).

1 │ Administrative exhaustion is an affirmative defense.[29]  The United States Supreme Court has warned

2 │ that "[t]here is no question that exhaustion is mandatory under the PLRA and [] unexhausted claims

3 │ cannot be brought in court."[30]  Prisoners must "exhaust all 'available' remedies, not just those that

4 │ meet federal standards."[31]  This is true even when a prisoner seeks relief that "cannot be granted by

5 │ the administrative process."[32]  The purpose is twofold: (1) to give prisons opportunities to self-

6 │ correct and to discourage disregard of their own procedures, and (2) to promote efficiency because

7 │ agency proceedings typically reach quicker, more economical resolutions than court proceedings.[33]

8 │      Turner's assertion in his countermotion that "both small claims complaint[s] . . . are still open

9 │ issue being grievance exhaustion"[34] suggests that this lawsuit is also premature.  I therefore order

10 │ Turner to show cause in writing by April 24, 2015, why this case should not be dismissed for failure

11 │ to complete any applicable grievance procedures.  His explanation should be provided in a

12 │ document, filed with the court, and titled "Response to Order to Show Cause."  Defendants have

13 │ until May 15, 2015, to respond to Turner's filing.  No reply brief will be permitted.  Turner is

14 │ strongly cautioned that his timely failure to demonstrate that he has properly exhausted (or is excused

15 │ from exhausting) the grievance procedures may result in the dismissal of his claims without further

16 │ notice.

17 │  . . .

18

19

20

---

21 │ [29] *Albino*, 747 F.3d at 1172 (discussing *Jones v. Bock*, 549 U.S. 199, 211 (2007)).

22 │ [30] *Jones v. Bock*, 549 U.S. 199, 211 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing
23 │ *Booth v. Churner*, 532 U.S. 731, 739 (2001)) (writing that "[e]xhaustion is no longer left to the
   │ discretion of the district court, but is mandatory.").

24 │ [31] *Id.* (citation omitted).

25 │ [32] *See id.* (citation omitted).

26 │

27 │ [33] *Nunez v. Duncan*, 591 F.3d 1217, 1223 (9th Cir. 2010) (quoting *Woodford v. Ngo*, 548 U.S. 81, 89
   │ (2006)).

28 │ [34] Doc. 74 at 3.

**Conclusion**

Accordingly, it is hereby ORDERED that the Nevada Department of Corrections' Motion for Summary Judgment **[Doc. 36] is DENIED**.  Defendants have until April 24, 2015, to file a new motion reurging the proper-defendant argument if they choose to do so.

IT IS FURTHER ORDERED that Turner's Countermotion for Summary Judgment **[Doc. 74] is DENIED.**

**Turner is FURTHER ORDERED to show cause in writing by April 24, 2015, why this case should not be dismissed for failure to exhaust any applicable grievance procedures** related to this claim.  His explanation should be provided in a document filed with the court and titled "Response to Order to Show Cause."  Defendants have until May 15, 2015, to respond to Turner's filing (or, if he files nothing, to file their own response to address this concern).  No reply brief will be permitted.  If Turner fails to timely or adequately show that he has properly exhausted (or is excused from exhausting) the grievance procedures for this claim, this lawsuit may be dismissed for failure to exhaust those remedies without further notice.

DATED: March 27, 2015

_____
JENNIFER DORSEY
United States District Judge