# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

|  |  |
|---|---|
| JOHN TURNER,<br><br>              Plaintiff,<br><br>vs.<br><br>HIGH DESERT STATE PRISON, *et al.,*<br><br>              Defendants. | 2:13-cv-01740-JAD-VCF<br><br>**<u>ORDER</u>** |

This matter involves incarcerated *pro se* Plaintiff John Turner's civil rights action against High Desert State Prison, *et al.* Before the court are the following motions:

      1. Motion for Appointment of Counsel (#133),

      2. Defendant Nevada Department of Corrections' Motion to Strike Plaintiff's Amended Complaint (#137),

      3. Motion for Better Copy of Doc. #123 (#140),

      4. Motion to Amend/Correct Complaint (#141),

      5. Defendant Nevada Department of Corrections' Motion to Strike Plaintiff's Motion to Amend Complaint (#153),

      6. Motion to Extend Prison Copywork Limit (#157),

      7. Motion for Order Granting Extension of Prison Copywork Limit (#162),

**I.     Background:**

In September 23, 2013, Turner commenced this action under section 1983 against the Nevada Department of Corrections, High Desert State Prison, and the Nevada Inmate Bank System, among others. The Nevada Department of Corrections appeared and is defending against Turner's action.

**II.     Motion for Appointment of Counsel (#133).**

Plaintiff has filed a motion seeking appointment of counsel. (#133). A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 13253 (9th Cir. 1981).

The court may appoint counsel under 28 U.S.C. § 1915 only under exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (citations and internal quotation marks omitted). In this case, plaintiff has demonstrated that he is capable of adequately articulating his claims, and the facts alleged and issues raised are not of substantial complexity.

Plaintiff states that he seeks appointed counsel to assist in the determination of whether he should consent to a psychological examination. (#133 at 2). Plaintiff's motion to appoint counsel (#133) appears to be a form that Plaintiff copied from another case. The request for a psychological exam has never been made in this case.

In the instant case, the Court does not find exceptional circumstances that warrant the appointment of counsel. The Motion for Appointment of Counsel is denied.

**III. Defendant Nevada Department of Corrections' Motion to Strike Plaintiff's Amended Complaint (#137)**

Plaintiff filed his amended complaint without leave of court. FED. R. CIV. P. 15(a)(2). Defendant Nevada Department of Corrections' Motion to Strike Plaintiff's Amended Complaint (#137) is granted.

**IV. Motion for Better Copy of Doc. #123 (#140)**

The Court Clerk is directed to mail Plaintiff a copy of docket number #123.

**V. Plaintiff's Motion to Amend/Correct Complaint (#141) and Defendant Nevada Department of Corrections' Motion to Strike Plaintiff's Motion to Amend Complaint (#153)**

Pursuant to Local Rule 15-1(a), [u]nless otherwise permitted by the Court, the moving party shall attached the proposed amended pleading to any motion to amend, so that it will be complete in itself without reference to the superseding pleading. An amended pleading shall include copies of all exhibits referred to in such pleading. Here, plaintiff has failed to attach a complete Amended Complaint in his Motion to Amend/Correct Complaint (#141). Plaintiff's Motion to Amend/Correct Complaint (#141) is denied and Defendant's Motion to Strike Plaintiff's Motion to Amend Complaint (#153) is granted.

**VI. Motion to Extend Prison Copywork Limit (#157) and Motion for Order Granting Extension of Prison Copywork Limit (#162),**

On March 6, 2015, the Court granted Plaintiff's Motion to Extend Prison Copywork Limit (#115). The Court warned Plaintiff that the granting of the Motion to Extend Prison Copywork Limit (#115) was not intended to enable him to file frivolous, duplicative, or large pleadings, and any evidence of such practice could warrant sanctions. (#117). Here, Plaintiff continuously files frivolous and duplicative pleadings. The $50 copywork limit extension in March 2015 was more than sufficient to cover to Plaintiff's copywork costs. The Motion to Extend Prison Copywork Limit (#157) is denied.

Accordingly,

IT IS HEREBY ORDERED that the following motions are DENIED for reasons as stated above.

    1. Motion for Appointment of Counsel (#133),

    2. Motion to Amend/Correct Complaint (#141),

    3. Motion to Extend Prison Copywork Limit (#157),

    4. Motion for Order Granting Extension of Prison Copywork Limit (#162).

IT IS FURTHER ORDERED that the Defendant Nevada Department of Corrections' Motion to Strike Plaintiff's Amended Complaint (#137), Motion for Better Copy of Doc. #123 (#140) and Defendant's Motion to Strike Plaintiff's Motion to Amend Complaint (#153) are GRANTED.

The Court Clerk is directed to mail Plaintiff a copy of docket number #123.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** *See* LSR 2-2.

IT IS SO ORDERED.

DATED this 17th day of June, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE