**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| JOHN TURNER, | |
| Plaintiff, | 2:13-cv-01740-JAD-VCF |
| vs. | **ORDER** |
| HIGH DESERT STATE PRISON, *et al.*, | |
| Defendants. | |

This matter involves incarcerated *pro se* Plaintiff John Turner's civil rights action against High Desert State Prison, *et al.* In September 23, 2013, Turner commenced this action under section 1983 against the Nevada Department of Corrections, High Desert State Prison, and the Nevada Inmate Bank System, among others. The Nevada Department of Corrections appeared and is defending against Turner's action. Before the court are the following motions; (1) Plaintiff's Motion for Order of I.F.P. Status (#158), (2) Defendant's Motion to Quash Subpoena *Duces Tecum*; Opposition to Plaintiff's Motion for Order of I.F.P. Status (#164), and (3) Plaintiff's Motion for Appointment of Counsel (# 173).

Defendant's Motion to Quash Subpoena *Duces Tecum* is granted. Fed. R. Civ. P. 45(a)(1)(A)(iii) requires that a subpoena commanding either attendance for testimony or the production of documents set forth a time and place for compliance. Here, Plaintiff's subpoena does not comply with Fed. R. Civ. P. 45(a)(1)(A)(iii). Plaintiff's subpoena *duces tecum* (#123) is stricken.

On January 10, 2014, the court has already granted Plaintiff's first motion to proceed *in forma pauperis* (#14). Here, Plaintiff's Motion for Order of I.F.P Status (#158) is redundant and denied.

The court has previously ruled on Plaintiff's first Motion for Appointment of Counsel. (#167). A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 13253 (9th Cir. 1981).

The court may appoint counsel under 28 U.S.C. § 1915 only under exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (citations and internal quotation marks omitted). In this case, plaintiff has demonstrated that he is capable of adequately articulating his claims, and the facts alleged and issues raised are not of substantial complexity.

Plaintiff states that he seeks appointed counsel because the prison severely limits the hours to the law library. (#173). Plaintiff filed a change of address and it appears that Plaintiff has been released from prison. In the instant case, the Court does not find exceptional circumstances that warrant the appointment of counsel. Plaintiff's Motion for Appointment of Counsel (#173) is denied.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion to Quash Subpoena *Duces Tecum*; Opposition to Plaintiff's Motion for Order of I.F.P. Status (#164) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Order of I.F.P. Status (#158) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel (#173) is DENIED.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.

*Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).  Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action. See LSR 2-2.

DATED this 2nd day of October, 2015

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE