UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| John Turner,<br><br>    Plaintiff<br><br>v.<br><br>Nevada Department of Corrections, et al.,<br><br>    Defendants | 2:13-cv-01740-JAD-VCF<br><br>**Order Granting in Part Motions for Relief Under FRCP 60(b); Vacating Judgment; Amending Dismissal Order; Denying Motions for Free Copies of Court Records; and Denying Motion to Strike Responses**<br><br>[ECF Nos. 194, 198, 205, 207, 208, 210] |

    As a pro se plaintiff who had been granted *in forma pauperis* status, John Turner sued High Desert State Prison, the Nevada Department of Corrections (NDOC), the Nevada Inmate Bank System, and the State of Nevada under 42 U.S.C. § 1983 for civil-rights violations stemming from the alleged theft from and overcharging of Turner's inmate trust account while he was incarcerated.[1] After two months of having documents that had been mailed to Turner returned to this court as undeliverable, I dismissed this case with prejudice under LSR 2-2 for his failure to keep the court apprised of his current address,[2] and the Clerk of Court entered judgment in favor of the defendants and against Turner.[3]

    Five months later, Turner filed the first of three motions seeking relief from the judgment under FRCP 60(b).[4] Turner argues that the dismissal order and judgment are the product of mistake (he gave the wrong street name in one of his change-of-address forms), excusable neglect (he was homeless when the judgment was entered), and fraud (he had no money for rent because funds were again wrongly withdrawn from his prison trust account before he was

---

[1] ECF No. 15.

[2] ECF No. 189.

[3] ECF No. 190.

[4] ECF Nos. 194, 198, 205.

released).[5] Turner further argues that relief is warranted because the withdrawal of funds from his prison trust account constitutes newly discovered evidence, the judgment is void because it was entered when he was homeless, and that his homelessness itself is a reason to relieve him from the judgment.[6] Turner also moves for copies of the documents that he missed after he failed to update his address with the court,[7] a list of the dates on which he updated his address in this case,[8] and to strike the defendants' responses to his FRCP 60(b) motions.[9]

I find that there was no mistake by Turner, there is no evidence that he could not have discovered in time to move for relief under FRCP 59(b) or of any fraud or misconduct by the defendants, the judgment is not void, and Turner's four-month delay in seeking to set aside the judgment and dismissal order on the grounds of mistake, inadvertence, surprise, or excusable neglect was not reasonable. But I do find that the reason why Turner failed to update his address with the court—he was homeless for a three month period—combined with his history of otherwise updating his address in this case justifies relieving him from the with-prejudice effect of the dismissal order. **I therefore grant Turner's motions for relief under FRCP 60(b) in part: I vacate the judgment and amend the dismissal order to provide that this case is dismissed without prejudice and closed. This leaves him with the ability to pursue his dismissed claims in a new lawsuit, but results in this case remaining closed.** Turner is not entitled to free copies of court documents or a list of what he has filed in this case, so I deny his motions for that relief. Finally, I deny his motion to strike or disregard the defendants' response briefs because he has not articulated a valid basis for me to do so.

---

[5] ECF Nos. 194, 198, 205.

[6] ECF Nos. 198, 205.

[7] ECF No. 207.

[8] ECF No. 208.

[9] ECF No. 210.


**Background**

Turner filed this lawsuit while he was incarcerated at the High Desert State Prison (HDSP).[10] He provided notice to the court when his address in that prison changed to a different cell block,[11] when he was moved from the HDSP to the Ely State Prison[12] and then back to the HDSP,[13] and again after he was released from prison in July 2015.[14] But mail that the court sent to Turner in October and November 2015 was returned as undeliverable.[15] So, on November 17, 2015, I dismissed with prejudice his case under LSR 2-2 for his failure to keep the court apprised of his current address.[16] Over a month later, Turner filed notice that his address had changed to 3900 Cambridge Street #106 Las Vegas, NV 89119.[17] Four more months passed before Turner filed the first of three motions seeking to set aside the dismissal order and judgment that had been entered against him.[18] Turner provided notice that same day that his address had changed to the Clark County Detention Center.[19]

---

[10] ECF No. 15 at ¶ 1.

[11] ECF No. 45.

[12] ECF No. 119.

[13] ECF No. 169.

[14] *See* ECF Nos. 177, 180.

[15] ECF Nos. 183, 184, 185, 186.

[16] ECF No. 189.

[17] ECF No. 192.

[18] ECF No. 194.

[19] ECF No. 193.

**Discussion**

**A.  Turner is entitled to be relieved from the judgment and the with-prejudice effect of the dismissal, but not the dismissal itself.**

The court may relieve a party from a final judgment or order for limited reasons under FRCP 60(b): (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  A motion for relief under FRCP 60(b) "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than one year after the entry of judgment or order or the date of the proceeding."[20]  Turner argues that grounds exist to completely set aside the judgment and dismissal order under all but FRCP 60(b)(5).

   *1.   The judgment is not the product of a mistake.*

Turner argues that his case was dismissed and judgment entered against him because he mistakenly provided the wrong street address (Maryland Parkway instead of Cambridge Street) to the court in his change-of-address notice dated December 21, 2015.[21]  There was no mistake: that notice provided exactly what Turner contends was his "actual" mailing address at that time—3900 Cambridge Street #106 Las Vegas, NV 89119.[22]  And even if the street name had been wrong in that notice, this error would not be grounds for relief from the judgment because

---

[20] FED. R. CIV. PROC. 60(c)(1).

[21] *See* ECF No. 194.

[22] *Compare* ECF No. 194 at 1 *with* ECF No. 192.

Turner filed that notice a month *after* I had already dismissed his case for failing to keep his address current with the court.²³

### 2. *Turner has not identified any evidence or fraud that could not have been discovered in time for him to move for relief under FRCP 59(b).*

To obtain relief under FRCP 60(b)(2), Turner must establish that there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Similarly, for relief under FRCP 60(b)(3), Turner must prove fraud "by clear and convincing evidence" and that it was not "discoverable by due diligence before or during the proceeding, and be materially related to the submitted issue."²⁴ Reconsideration is not justified when the newly discovered evidence or fraud reasonably could have been discovered prior to the court's initial ruling.²⁵

Turner argues that wrongful withdrawals from his prison trust account before his release from the NDOC's custody is newly discovered evidence or fraud that justifies relieving him from the dismissal and judgment. But he does not state when he became aware that the funds had been withdrawn from his prison trust account nor does he identify the amount of any deduction or the date that the deductions were made. Turner has not, therefore, established that grounds for relief under FRCP 60(b)(2) or (3) exist.

### 3. *The judgment is not void.*

Turner next argues that the judgment is void because it was entered when he was homeless.²⁶ "A final judgment is 'void' for purposes of Rule 60(b)(4) only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties

---

²³ *Compare* ECF No. 189 (order dismissing case) *with* ECF No. 192 (notice of change of address to 3900 Cambridge Street #106 Las Vegas, NV 89119).

²⁴ *Pacific & Arctic Ry. and Nav. Co. v. United Transp. Union*, 952 F.2d 1144, 1148 (9th Cir. 1991).

²⁵ *See* FED. R. CIV. P. 60(b)(2), (3).

²⁶ ECF No. 205.

to be bound, or acted in a manner inconsistent with due process of law."[27]  Turner does not argue that the court lacked jurisdiction, so I construe his voidness argument as a due-process challenge, i.e., that he did not receive notice before the dismissal and judgment.

The Clerk of Court made several efforts to serve Turner with copies of orders that had been entered in this case at the last address that he had provided, but that mail was all returned to the court as undeliverable.[28]  The Clerk of Court put each item of mail that was returned as undeliverable on the docket.[29]  And after more than thirty days had elapsed without an updated address for Turner, I dismissed his case under this court's local rule[30] that provides that a pro se plaintiff's case can be dismissed with prejudice if he fails to immediately inform the court and opposing parties in writing of any change of address.[31]  One month after the dismissal order and judgment had been entered, Turner filed notice in this closed case that his address had changed.[32]  And another four months passed before Turner (1) informed the court that he had been homeless for the period of time overlapping the returned mail and dismissal and (2) moved for relief from the judgment.[33]

The Ninth Circuit examined a similar situation in *Carey v. King*, which concerned an appeal by a pro se plaintiff from the dismissal of his case under the Western District of

---

[27] *U.S. v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999) (citing *In re Ctr. Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985)).

[28] *See* ECF Nos. 183, 184, 185, 186.

[29] ECF Nos. 183, 184, 185, 186.

[30] LSR 2-2.

[31] ECF No. 189.  Judgment was entered against Turner on the same day.  ECF No. 190.  A copy of the dismissal order was mailed to Turner's last-known address but that, too, was returned to the court as undeliverable.  ECF No. 191.

[32] ECF No. 192.

[33] *Compare* ECF No. 192 *with* ECF No. 194.  Turner's first motion for relief from the judgment was joined by a notice that his address had changed to the Clark County Detention Center.  ECF No. 193.

Washington's local rule that requires pro se plaintiffs to keep the court apprised of their address at all times.[34] The Ninth Circuit rejected Carey's argument that the district court had abused its discretion because it did not provide him prior notice. The court concluded that "the local rule itself provided notice of the action taken" and that "any additional notice in the unique circumstances presented by a pro se litigant's failure to advise the district court of a change in his address is unworkable" and would have been "a futile gesture" given that "mailing to Carey was returned as undeliverable."[35]

Like in *Carey*, this court's local rule provided Turner with notice that the burden was on him to keep the court informed of any change in his address and, because Turner had failed to do so, any further notice prior to the dismissal would have been futile because mail to Turner was being returned to the court as undeliverable. The many address-change notifications that Turner filed in this case indicate that he was aware of this court's local rule governing the same. Therefore, I do not find that the dismissal of Turner's case was inconsistent with due process.

### 4. *Turner's four-month delay in seeking relief under FRCP 60(b)(1) was not reasonable.*

Turner also argues that his homelessness is grounds for relief because it renders the dismissal order and judgment the product of surprise, excusable, neglect, or inadvertence. After his case had been dismissed and judgment had been entered against him, Turner filed notice that his address had changed.[36] Another four months passed before Turner moved to be relieved from the judgment and dismissal order.[37] Turner's four-month delay leads me to conclude that, although he dispatched a change-of-address notice to the court in December 2015, it was not

---

[34] *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988).

[35] *Id.* at 1141.

[36] ECF No. 192.

[37] ECF No. 194.

until April 2016—after he had been re-arrested and jailed[38]—that he bothered to discover what had transpired in his case. While I am sympathetic that Turner is a pro se plaintiff with pauper status whose mail was returned to the court because he was homeless for three months, that still leaves four months where he had shelter but ignored this case. Turner offers no explanation for why he did not move for relief during that time. Litigation is not a light switch that a party can turn off and on at his convenience. I therefore find that Turner did not timely move for relief under FRCP 60(b)(1).

### 5. *Relief from the with-prejudice effect of the dismissal is warranted.*

Still, I find that some relief is warranted under FRCP 60(b)(6). The Ninth Circuit instructed in *Carey* that, when deciding whether to dismiss an action for the plaintiff's failure to prosecute, district courts are required to weigh: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions.'"[39] In weighing these factors, I continue to find that the dismissal of Turner's case was—and remains—warranted, but that the less drastic sanction of a without-prejudice dismissal is more appropriate in light of Turner's recent disclosures.

Because the court and the defendants were not able to communicate with Turner or to provide him with copies of orders (including an order opening and scheduling discovery) for two months, I previously found and still do find that the first three factors weigh in favor of dismissing Turner's case. But Turner has since disclosed that the reason why he had failed to update his address is that he was homeless from approximately September 30 to December 21, 2015. The timing of Turner's homelessness, coupled with his history of otherwise keeping the court informed of any change in his address, leads me to conclude that while the final two *Carey*

---

[38] *See* ECF No. 206 at 2:15–16 (providing that Turner was re-arrested and booked into the Clark County Detention Center on March 30, 2016).

[39] *Carey*, 856 F.2d at 1440–41 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

factors still weigh in favor of dismissal, it should be one without prejudice. I therefore grant Turner's motions for relief under FRCP 60(b)(6) in part: I vacate the judgment and amend the dismissal order to provide that it is without prejudice to Turner's right to reassert his claims in a new case. Any further filings in this closed case will be summarily denied.

**B.     Turner is not entitled to free copies of court records.**

Turner moves for copies of the documents that were returned to the court as undeliverable while he was homeless (ECF Nos. 182, 181, 189, 190),[40] a copy of the docket sheet,[41] and a list of the dates on which he filed a notice of change of address with this court.[42] I deny Turner's request for a copy of the dismissal order (ECF No. 189) and judgment (ECF No. 190) as moot in light of my decision to amend the dismissal order and to vacate the judgment. I deny Turner's request that the Clerk of Court prepare for him a list of the dates on which he filed a change-of-address notice because that is not a function that the Clerk (or the court) performs. And I deny Turner's request for copies of the interlocutory orders that the court twice attempted to serve on him (ECF Nos. 182, 181), and a copy of the docket sheet, because he has not established why he requires them.[43] According to the court's schedule of fees—effective January 1, 2015—Turner may request uncertified copies at a copying rate of $ 0.10 per page if produced from an electronic format and at the rate of $.50 per page if produced in a physical format.

**C.     Turner offers no reasonable basis for me to disregard the defendants' responses.**

Finally, Turner moves me to strike the defendants' responses to Turner's various post-dismissal motions because he disagrees with the defendants' arguments and disputes their factual

---

[40] ECF No. 207.

[41] *Id.*

[42] ECF No. 208.

[43] The courts in this district have long held that an in forma pauperis plaintiff is "not entitled to receive free copies of documents from the court without the plaintiff demonstrating a specific showing of need for the copies requested." *Allen v. Clark Cty. Detention Ctr.*, 2011 WL 886343, at * 1 (D. Nev. Mar. 11, 2011) (citing *Spisak v. St. of Nev.*, 2007 WL 1612293 (D. Nev. June 1, 2007)).

recitations.[44]  Neither is a proper basis for me to strike[45] or disregard the defendants' response briefs.  And the appropriate vehicle for Turner's arguments are in reply in support of his motions.  I therefore deny Turner's motion to strike.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that **Turner's motions for relief from the judgment and dismissal order [ECF Nos. 194, 198, 205] are GRANTED in part: the judgment [ECF No. 190] is VACATED, the dismissal order [ECF No. 189] is AMENDED to provide that the case is dismissed WITHOUT PREJUDICE to Turner's right to reassert his claims in another case, and this case is closed.  If Turner wishes to pursue his claims, he must file a new lawsuit; no further motions will be considered in this closed case.**

IT IS FURTHER ORDERED that **Turner's motions for free copies of documents and a list from the Clerk of Court [ECF Nos. 207, 208] are DENIED.**

IT IS FURTHER ORDERED that **Turner's motion to strike the defendants' responses [ECF No. 210] is DENIED.**

DATED: August 5, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[44] ECF No. 210.

[45] Motions to strike are governed by FRCP 12(f), which pertains only to an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" that is contained in a "pleading."  The defendants' responses are not pleadings, *see* FED. R. CIV. P. 7(a), nor do they contain any material that merits striking under the rule.